UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JERRY BARTON BUTUNA,                          Case No.2:11-cv-01177-HZ

          Petitioner,

                                        OPINION AND ORDER

   v.

MARK NOOTH,

          Respondent.


THOMAS J. HESTER
Assistant Federal Defender
101 SW Main St., Suite 1700
Portland, OR  97204

     Attorney for Petitioner


ELLEN F. ROSENBLUM
Attorney General
ANDREW HALLMAN
Assistant Attorney General
Oregon Department of Justice
1162 Court Street NE
Salem, OR  97301-4096

     Attorneys for Respondent

HERNANDEZ, District Judge.

Petitioner, in custody of the Oregon Department of Corrections, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He challenges his 2005 convictions and sentencing, alleging he was denied the effective assistance of trial counsel. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#2) is DENIED, and this proceeding is dismissed with prejudice.

<u>BACKGROUND</u>

In July 2004, Petitioner was indicted and charged with sexually abusing his girlfriend's daughter over a two year period of time when child was between the ages of eight and eleven. (#15, at 2; #30, at 2.) Following a trial before a jury, Petitioner was found guilty on one count of rape in the first degree (Count 1); on two counts of sodomy in the first degree (Counts 3 and 4); on one count of unlawful sexual penetration in the first degree (Count 5); and on two counts of sexual abuse in first degree (Counts 6 and 7). He was acquitted on one count of rape first degree (Count 2). (Resp. Ex. 101.) At sentencing the court imposed consecutive terms of imprisonment, for a total of 633 months. (*Id.*)

Petitioner directly appealed his conviction and sentence, with appointed counsel filing a *Balfour* brief.[1] Petitioner filed a

---

[1] Upon concluding that only frivolous issues exist on direct appeal, a *Balfour* brief allows appointed counsel to meet constitutional requirement of "active advocacy" without violating rules of professional conduct. Section A, signed by counsel,

"Part B" brief *pro se*, arguing a state interpreter had falsely translated phone conversations between Petitioner and his girlfriend recorded while Petitioner was in pre-trial custody.[2] The Oregon Court of Appeals affirmed without opinion; the Oregon Supreme Court denied review and denied reconsideration of its order denying review.  (Resp. Exs. 108, 110, 112.)

Petitioner sought post-conviction relief ("PCR").  With the assistance of appointed counsel, Petitioner asserted ten (10) instances of ineffective assistance of trial counsel, five of which pertained to the translation of the recorded phone conversations between Petitioner and his girlfriend.[3]  (Resp. Ex. 113, at 4.) The PCR trial court issued an opinion letter denying relief on all claims, and adopted the Findings of Fact, Conclusions of Law

---

contains a statement of the case, including a statement of facts, sufficient to apprise the court of the jurisdictional basis for the appeal, but contains no assignments of error or argument. Section B, signed only by the appellant, is a presentation of the issues that appellant seeks to raise but that counsel considers to be frivolous. *Balfour v. State of Oregon*, 311 Or. 434, 451-52, 814 P.2d 1069 (1991).

[2]Petitioner is a native of the Marshall Islands.  At the time of trial, he spoke English in addition to his native Marshallese.  Two translators were, nevertheless, present and available to assist throughout the trial.  (#103, Tr. at 24-25.) Petitioner, however, did not require interpretation of the testimony presented.  (#103, Tr. at 8; #30, Brief at 2.)  On several occasions, the trial court checked with Petitioner to ensure he knew the translators were available to assist him. (#103, Tr. at 12; 113; 155; 198-99.)

[3]PCR counsel retained a qualified Marshallese interpreter for simultaneous translation of the PCR trial proceeding.  (Resp. Ex. 118, PCR Tr. at 1-3.)

submitted by the State.  (Resp. Ex. 119-120.)  Petitioner appealed,

but the Oregon Court of Appeals affirmed without opinion, and the

Oregon Supreme Court denied review.  (Resp. Exs. 125, 126.)

<u>**DISCUSSION**</u>

In a *pro se* petition, Petitioner raised four **grounds for relief**

alleging ineffective assistance of trial counsel.  The Court

liberally construed the claims to allege the following:

Ground One:  Counsel was ineffective in failing to ensure the
accurate translation of telephone conversations between Petitioner
and his girlfriend, recorded while he awaited trial, and in not
offering separate translations obtained by the defense.

Ground Two:  Counsel failed to adequately inform Petitioner of
the potential sentencing consequences of going to trial.

Ground Three:  Counsel was ineffective in failing to object to
the imposition of consecutive sentencing.

Ground Four: Counsel was ineffective in failing to adequately
cross-examine the victim about statements she made to police,
claiming Petitioner offered to pay her for sex.

Respondent argues Petitioner is not entitled to relief on

Grounds Two, Three, and Four because they were not fairly presented

to the state's highest court and are now procedurally defaulted;

and Petitioner has not met his burden of showing he is entitled to

relief since his Brief does not address these claims.  (#15, at 3-

5; #31, at 2.)  With respect to Ground One, Respondent argues

Petitioner is not entitled to relief because the PCR court decision

denying relief was reasonable and is entitled to deference; and

even if counsel's performance is deemed deficient, Petitioner

failed to prove prejudice from counsel's representation.   (#15, at
5 and 11; #31.)

I.   *Unargued Claims*

A petitioner seeking federal habeas relief bears the burden of
showing the court that he is entitled to relief.   *Woodford v.
Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*); *Davis v. Woodford*,
384 F.3d 628, 638 (9th Cir. 2004), *cert. denied*, 545 U.S. 1165
(2005).   Under 28 U.S.C. § 2254(d), a petitioner must show that
the adjudication of his claims on the merits in State court was:
"1) contrary to, or involved an unreasonable application of,
clearly established Federal law as determined by the Supreme Court
of the United States; or 2) resulted in a decision that was based
on an unreasonable determination of the facts in light of the
evidence presented in the State court proceeding."

In a counseled Brief, Petitioner does not argue in support of
Grounds Two, Three, and Four.   Consequently, he has failed to meet
his burden of proof on those claims.   Accordingly, habeas relief on
Grounds Two, Three, and Four must be denied.[4]

II.   *The Merits*

In Ground One, Petitioner alleges trial counsel's
representation was ineffective because counsel failed to ensure the
accurate translation of telephone conversations between Petitioner

---

[4]The Court has, nevertheless, reviewed the record as to
these grounds for relief and determined they would not entitle
Petitioner to relief.

and his girlfriend, recorded while he awaited trial, and failed to offer separate translations of the recordings obtained by the defense.  The state PCR court denied relief on this claim, finding that under the *Strickland* standards:

> this court fails to find that trial counsel was so defective as requiring a reversal, nor that there was a showing that any deficient defense prejudiced the petition.  The burden of proof is on the petitioner.  He has failed to prove in his case in chief that the actions of trial counsel failed to meet constitutional standards.

(Resp. Ex. 119, at 1.)

A.   Standards

Following passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for a writ of habeas corpus shall not be granted unless the adjudication on the merits in State court was:

> (1) contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
>
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  In *Williams v. Taylor*, 529 U.S. 362, 386-389 (2000), the Supreme Court construed this provision as requiring federal habeas courts to be highly deferential to the state court decisions under review.  In *Cullen v. Pinholster*, ___ U.S. ___; 131 S.Ct. 1388, 1398-1402 (April 4, 2011), the Court reiterated the highly deferential nature of federal habeas review, and limited

federal review "to the record that was before the state court that
adjudicated the claim on the merits."

The terms "contrary to" and "unreasonable application" have
independent meanings. *Sarausad v. Porter*, 479 F.3d 671, 676 (9th
Cir. 2007). A state court decision is "contrary to" clearly
established federal law if it is "in conflict with", "opposite to"
or "diametrically different from" Supreme Court precedent.
*Williams, v. Taylor*, 529 U.S. 362, 388 (2000). An "unreasonable
application" of clearly established Supreme Court law occurs when
"the state court identifies the correct governing legal principle
. . . but unreasonably applies that principle to the facts of the
. . . case." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir.
2004) *cert. denied*, 126 S. Ct. 484 (2005)(citing *Williams,* 529 U.S.
at 413). "A federal court making an 'unreasonable application'
inquiry should ask whether the state court's application of federal
law was objectively unreasonable." *Saurasad*, 479 F.3d at 676-77
(citing *Williams*, 529 U.S. at 409). "[A] federal habeas court may
not issue the writ simply because that court concludes in its
independent judgment that the state court decision applied clearly
established federal law erroneously or incorrectly." *Woodford*, 537
U.S. at 24-25 (2002)(internal citations omitted). "[A] habeas
court must determine what arguments or theories ... could have
supporte[d] the state court's decision; and then it must ask
whether it is possible fairminded jurists could disagree that those

arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.*, quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). The last reasoned decision by the state court is the basis for review by the federal court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Cannedy v. Adams*, ---F.3d---, 2013 WL 452827 at *8-9(9th Cir. Feb. 7, 2013). The decision of the state PCR trial court is the basis for review in the instant proceeding.

It is well established that a claim of ineffective assistance of counsel is governed by the principles articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). *Pinholster*, 131 S.Ct. at 1403. Under *Strickland*, a petitioner must prove: 1) counsel's performance fell below an objective standard of reasonableness and, 2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams*, 529 U.S. at 390-91; *Strickland*, 466 U.S. at 687-88. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial

cannot be relied on as having produced a just result." *Id.* at 686.
"Judicial scrutiny of counsel's performance must be highly
deferential," *id.* at 689, and "a court must indulge [the] strong
presumption that counsel made all significant decisions in the
exercise of reasonable professional judgment." *Pinholster*, 131
S.Ct. at 1407 (quoting *Strickland*) (internal quotation marks
omitted.)   The reasonableness of counsel's conduct must be
evaluated in light of the facts of the case and the circumstances
at the time of representation. *Strickland*, 466 U.S. at 690.   In
addition, a doubly deferential standard of review applies to
federal habeas review of ineffective assistance of counsel claims.
*Knowles v. Mirzayance*, 556 U.S. 111, 129 S.Ct. 1411, 1420 (2009);
*Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010) (deference
under § 2254 and deference under *Strickland*).

    B.   Analysis

    The state PCR court denied relief on Ground One, concluding
that Petitioner had not demonstrated ineffective assistance of
counsel.   Petitioner argues the state PCR court "erroneously
dismissed [his] claims on procedural ground[s]" and "the state
process was not adequate and did not yield a merit's decision,"
thus warranting *de novo* review by the federal court. (#30, at 12.)
The Court disagrees.

    In addressing Petitioner's claims that the recorded telephone
calls were incorrectly translated, the PCR court found the claims

failed because Petitioner had not met his burden of proof. (Resp. Ex. 119.) The PCR court also found the State's motion to dismiss pursuant to Or. R. Civ. Pro. 54(B)(2) "was well taken" and should have been granted at the time of the PCR proceeding, but adding that even if the court did not grant the motion to dismiss, Petitioner had failed in his burden of proof. (*Id.*) The PCR court thus rendered a decision on the merits.

Petitioner contends the PCR court's dismissal of Petitioner's claims under Or. R. Civ. Pro. 54(B)(2) was "an unreasonable application of a procedural rule" and premised on an erroneous conclusion that Petitioner had not presented any evidence to support his claim that the calls were incorrectly translated. (#30, at 12.) Petitioner points to his own testimony during the PCR trial to show that he did in fact present evidence that the translation of the phone calls was wrong. Petitioner's argument is unavailing. First, even if the PCR court's application of Or. R. Civ. Pro 54(B)(2) was in error, "federal habeas corpus relief does not lie for errors of state law[.]" *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). More fundamentally, the PCR court's finding on the motion to dismiss does not stand alone. The PCR court made a separate finding that Petitioner had failed to meet his burden of proof on the claims relating to the translations of phone calls. Based on the record, the PCR court's conclusion was not unreasonable since the only evidence Petitioner offered to support his claim was his testimony that the phone calls were incorrectly

translated.    *See Dows v. Wood*, 211 F.3d 480, 486 (9th Cir.
2000)(self-serving affidavit was insufficient to show deficient
representation based on failure to call witness.)  In its Findings
of Fact, Conclusions of Law, the PCR court specified it did not
find Petitioner's evidence credible.

> 5.    Petitioner did not offer the translated telephone
> calls into evidence and did not offer any *credible*
> evidence to show that had trial counsel offered the
> telephone calls into evidence at petitioner's underlying
> criminal trial, that doing so would have had a tendency
> to affect the outcome of petitioner's trial.
>
> 6.    Petitioner did not offer any evidence that Wintha
> Joran [the interpreter] changed the content and reworded
> the content of petitioner's telephone calls.
>
> 7.    The trial transcript shows that the prosecution
> provided copies of the recorded calls to petitioner's
> criminal defense counsel and that counsel, in turn, sent
> the recordings to Utah to be translated by two
> Marshallese interpreters.  The trial transcript also
> demonstrates that in apparently all material respects,
> the translation done in Utah was the same as, or very
> similar to, the translation that had been performed for
> the Marion County District Attorney's Office.
>
> 8.    Petitioner failed to offer any *credible* evidence
> that his counsel was incompetent in any respect regarding
> the calls that petitioner had made from the Marion County
> Jail.
>
> *****
>
> 13.    The evidence in the record, particularly the trial
> transcript, showed that petitioner had confessed to
> committing many sexual crimes against the victim.

(Resp. Ex. 120, at 2-3 (emphasis added).)  The PCR record supports
the PCR court's factual findings.  Furthermore, a review of the
criminal trial transcript leads this Court to conclude that counsel
sought to limit what the jury heard regarding the scrutiny the

11 - OPINION AND ORDER

telephone recordings received from three separate translators, and to that end stipulated to the fact the defense had translators review the recordings. (#103, Tr. at 4-5, and 106-114.)  Thus, even under *de novo* review, Petitioner fails to show counsel's performance was constitutionally deficient or that he was prejudiced by counsel's representation.

Petitioner has failed to show that the PCR trial court's adjudication of his ineffective assistance of counsel claim was contrary to or an unreasonable application of *Strickland*, or based on an unreasonable determination of the facts in light of the evidence presented.  Habeas relief on Ground One is, therefore, precluded.

<u>**CONCLUSION**</u>

Based on the foregoing, the petition for writ of habeas corpus (#2) is DENIED, and this action is dismissed with prejudice.  The court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this ___ day of February, 2013.

_____
Marco A. Hernandez
United States District Judge